UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

OLYMPIC PROPERTY PARTNERS, LLC,

          Alleged Debtor.

-------------------------------------------------------------X

CONCRETE CAPITAL, LLC,

          Appellant,

    -v-

OLYMPIC PROPERTY PARTNERS, LLC,

          Appellee.

No. 16-CV-1646 (KMK)

OPINION & ORDER

Appearances:

Douglas J. Pick, Esq.
Pick & Zabicki LLP
New York, NY
*Counsel for Appellant*

Daniel E. Silverman, Esq.
Silverman & Sardar LLP
New York, NY
*Counsel for Alleged Debtor-Appellee*

KENNETH M. KARAS, District Judge:

      Concrete Capital, LLC ("Concrete") appeals from the "Order Pursuant to 11 U.S.C. §§ 303 and 305 (I) Granting Dismissal (II) Awarding Fees and Costs but Reserving Decision on Amount of Same and (III) Reserving Further Decision on Damages under 11 U.S.C. § 303(I)(2)" ("Bankruptcy Order"), entered in the United States Bankruptcy Court for the Southern District of New York by United States Bankruptcy Judge Robert D. Drain. (*See* Not. of Appeal (Dkt. No.

1).)[1]  More specifically, Concrete challenges the part of the Bankruptcy Order holding that Olympic Property Partners, LLC ("Olympic") is entitled to attorney's fees and costs pursuant to 11 U.S.C. § 303(i)(1), and permitting Olympic to seek damages under 11 U.S.C. § 303(i)(2).  Concrete contends that the bankruptcy court erred in its interpretation of § 303(i).  For the reasons given herein, Concrete's appeal is dismissed because the Court lacks jurisdiction to hear it.

### I. Factual and Procedural Background

On November 19, 2015, Concrete filed an Involuntary Petition (the "Petition") pursuant to 11 U.S.C. § 303 with the bankruptcy court, seeking the entry of an order against Olympic under chapter 11 of the Bankruptcy Code.  (Bankr. Dkt. No. 1.)[2]  Concrete sought relief in the bankruptcy court because Olympic allegedly failed to repay a series of loans it received from Concrete.  The facts giving rise to the underlying dispute are not relevant for purposes of this appeal.

On December 14, 2015, Olympic filed a motion to dismiss the Petition, (Bankr. Dkt. No. 8), arguing that the requirements of § 303 were not met, (*see* Olympic Mem. of Law in Supp. of Mot. To Dismiss Petition 13–31 (Bankr. Dkt. No. 12)).  Olympic also sought an award of attorney's fees and costs that it expended litigating the allegedly improperly filed Petition, and damages.  (*Id.* at 40–44.)  In opposition to Olympic's motion to dismiss, Concrete filed a "Statement" consenting to the dismissal of the Petition.  (Concrete Statement in Opp'n to Mot. To Dismiss Petition ¶¶ 1–2 (Bankr. Dkt. No. 22).)  Concrete stood by the merits of the Petition,

---

[1] Citations to "Dkt. No." refer to this Court's docket in case number 16-CV-1646.

[2] Citations to "Bankr. Dkt. No." refer to the bankruptcy court's docket in case number 15-23658.

2

but "as a result of weighing . . . the potential costs, risks[,] and rewards associated with continued litigation," decided to consent to Olympic's motion. (*Id.* ¶ 1.) Concrete explained that it attempted to negotiate a consensual dismissal with Olympic, but Olympic would not consent without the inclusion of certain conditions and limitations. (*Id.* at 2 n.1.) It did argue, however, that Olympic's request for attorney's fees, costs, and damages should be denied. (*Id.* ¶ 2.) Olympic filed a reply memorandum "consent[ing] to that portion of [Concrete's] Statement that consents to and seeks dismissal . . . of its Involuntary Petition; but . . . d[id] not waive the right to judgement [sic] under 11 U.S.C. § 303(i)." (Olympic Reply Mem. of Law in Supp. of Mot. To Dismiss Petition ¶ 1 (Bankr. Dkt. No. 26).)

On January 25, 2016, the bankruptcy court held oral argument on Olympic's motion to dismiss the Petition. Both Parties agreed that the Petition should be dismissed. (*See* Hr'g Tr. ("Tr.") 11 (Bankr. Dkt. No. 33).) The question then became whether Olympic was entitled to attorney's fees and/or damages. Under 11 U.S.C. § 303(i), "if the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment . . . against the petitioners and in favor of the debtor for" costs, attorney's fees, and, under certain circumstances, damages. The bankruptcy court held that the type of consent envisioned by § 303(i) did not occur in this case. (Tr. 31.) Citing *In re City Center Complex, LLC*, No. 10-20820, 2012 Bankr. LEXIS 6205 (Bankr. N.D. Ind. Feb. 28, 2012), *In re Express Car & Truck Rental, Inc.*, 440 B.R. 422 (Bankr. E.D. Pa. 2010), and *In re Kelton Motors, Inc.*, 121 B.R. 166 (Bankr. D. Vt. 1990), the bankruptcy court explained that because Olympic moved to dismiss the Petition before Concrete agreed to withdraw it, Olympic did not "consent" to the dismissal, (Tr. 31 ("[I]t doesn't really sound like this is consent by the debtor since the debtor had to move to

3

dismiss before [Concrete] was persuaded to agree with that.  It doesn't seem to me to be the type of consent that [§] 303(i) is referring to."); *see also id.* at 32 ("Right, and [Olympic] moved first, so I don't see that as being consent.  They moved to dismiss.")).  The bankruptcy court acknowledged that other courts have interpreted the meaning of "consent" differently, but pointed out that the majority of courts agreed with its interpretation of § 303(i).  (*See id.* at 31 ("I understand that [there] are cases that go the other way, but there certainly wasn't consent when [Olympic] moved to dismiss."); *id.* at 41 (noting that the majority of courts would hold that Olympic did not consent to the dismissal).)  Therefore, the bankruptcy court held that Olympic was entitled to the attorney's fees and costs it incurred in opposing the Petition.  (*Id.* at 44.)  It also granted Olympic leave to file a motion for damages under § 303(i)(2).  (*Id.* at 44–45.)

On January 26, 2016, the bankruptcy court entered the Bankruptcy Order, which granted Olympic's motion to dismiss, dismissed the Petition, awarded Olympic its reasonable fees and costs, and granted Olympic leave to seek damages under § 303(i)(2).  ("Order Pursuant to 11 U.S.C. §§ 303 and 305 (I) Granting Dismissal (II) Awarding Fees and Costs but Reserving Decision on Amount of Same and (III) Reserving Further Decision on Damages under 11 U.S.C. § 303(I)(2)" ("Bankr. Order") (Bankr. Dkt. No. 28).)  Concrete filed a notice of appeal on February 4, 2016.  (Bankr. Dkt. No. 29.)  The following day, Olympic filed a notice of its intent to seek damages under § 303(i)(2).  (Bankr. Dkt. No. 32.)  On February 19, 2016, Olympic filed a "Statement," arguing that this Court could not hear Concrete's appeal because the Bankruptcy Order is not a final order.  (Bankr. Dkt. No. 34.)

Concrete filed its appellate brief on April 4, 2016.  (Dkt. No. 8.)  Olympic filed responsive papers on May 4, 2016.  (Dkt. No. 11.)

II.  Discussion

A.  Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and reviews conclusions of law de novo.  *See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the [d]istrict [c]ourt, we review the [b]ankruptcy [c]ourt's findings of fact for clear error, [and] its conclusions of law de novo . . . ." (citation and italics omitted)); *In re Enron Corp.*, 307 B.R. 372, 378 (S.D.N.Y. 2004) ("A bankruptcy court's conclusions of law are reviewed de novo and its findings of fact for clear error." (italics omitted)).

B.  Jurisdiction

The Court has jurisdiction to hear bankruptcy appeals pursuant to 28 U.S.C. § 158(a).  As relevant here, § 158(a) provides that "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [§] 157 of this title."  28 U.S.C. § 158(a) (footnote omitted); *see also In re DBSD N. Am., Inc.*, 634 F.3d 79, 88 (2d Cir. 2011) (noting that district courts have jurisdiction to "review all final judgments, orders, and decrees of the bankruptcy courts" (internal quotation marks omitted)).  On appeal, Olympic half-heartedly asserts that the Court lacks jurisdiction to decide this case, (*see* Olympic Answering Br. 8 n.22 (Dkt. No. 11)), but the Court has an independent obligation to determine its jurisdiction to hear this appeal, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their

jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").[3]

"The rules" for what constitutes an appealable judgment or order are "different in bankruptcy" than they are in "ordinary civil litigation." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1691–92 (2015). "A bankruptcy case involves an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. Accordingly, Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Id.* at 1692 (citation and internal quotation marks omitted). Concrete argues that this Court has jurisdiction over its appeal because "[a] bankruptcy court order dismissing an involuntary bankruptcy petition is a 'final', appealable order for purposes of 28 U.S.C. § 158(a)." (Concrete Opening Br. ("Concrete Mem.") 3 (Dkt. No. 8).) Courts have indeed held that orders dismissing involuntary petitions are appealable final orders, *see In re Dilley*, 339 B.R. 1, 5 (B.A.P. 1st Cir. 2006) ("The judgment dismissing an involuntary petition is a final order and thus this [p]anel has jurisdiction to hear the appeal."); *In re Mktg. & Creative Sols., Inc.*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006) ("An order dismissing an involuntary petition is a final order that may be appealed by right under 28 U.S.C. § 158(a)(1)."), even where the bankruptcy court dismisses the petition, but reserves judgment on whether the debtor is entitled to monetary relief under § 303(i), *see In re DSC Ltd.*, No. 05-72779, 2005 WL 2671314, at *3 (E.D. Mich. Oct. 19, 2005) ("The only issue remaining for the bankruptcy court to decide is [the debtor's] discrete request for relief for fees, costs, and/or damages pursuant to [§] 303(i). The [c]ourt concludes that the bankruptcy court's failure

---

[3] Olympic did not brief this issue notwithstanding the fact that it squeezed 77 footnotes into a 32-page brief.

6

to resolve [the debtor's] request does not render non-final his decision to dismiss the bankruptcy petition."); *see also In re Tobacco Road Assocs., LP*, No. 06-CV-2637, 2007 WL 966507, at *21 (E.D. Pa. Mar. 30, 2007) ("Imposition of costs, attorney's fees, and/or sanctions under § 303(i) requires inquiry into and determination of a collateral issue only; it does not require any further judgment on the merits of the action."); *accord In re Sweet Transfer & Storage, Inc.*, 896 F.2d 1189, 1191 (9th Cir. 1990) ("[T]he fact that a creditor includes a 'counterclaim' for § 303(i) damages in his answer does not prevent the dismissal of the petition from being an appealable final order in spite of the fact that the court has not yet determined the petitioners' liability under § 303(i)."), *superseded in part by rule as stated in In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306 (9th Cir. 1995).

      The Court, however, strains to see the applicability of those cases to the instant Action. The Bankruptcy Order granted Olympic's motion to dismiss, dismissed the Petition, awarded Olympic reasonable fees and costs, and granted Olympic leave to seek damages, (*see* Bankr. Order 2–3), but reserved decision on the amount of Olympic's attorney's fees and costs under § 303(i)(1). Concrete is not appealing from the part of the Bankruptcy Order that dismissed the Petition. Indeed, neither Party asks this Court to reinstate the Petition. Instead, Concrete argues that Olympic is not entitled to attorney's fees, costs, or damages. The Court lacks jurisdiction over this appeal because the Bankruptcy Order is not final as it pertains to the amount of fees, costs, and damages. *See Long Island Pine Barrens Soc., Inc. v. Sandy Hills, LLC*, No. 14-CV-4678, 2015 WL 1275790, at *1 (E.D.N.Y. Mar. 18, 2015) (holding that an order imposing sanctions on the appellant and its counsel "was not final for purposes of . . . appellate jurisdiction since it did not assess the amount of attorneys' fees to be awarded"); *see also O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008) ("A non-quantified award of

7

attorneys' fees and costs is not appealable until the amount of the fees has been set by the district court."). The bankruptcy court must first determine the amount of Olympic's attorney's fees and costs, and whether Olympic is entitled to damages, before an order with respect to those issues becomes final. Ruling on this appeal in its current state creates the possibility that the Court will be faced with a second appeal—from either Party because it is unhappy with the bankruptcy court's calculations—once those issues are determined. "[B]earing in mind the Second Circuit's policy against piecemeal litigation," *In re Levine*, No. 94-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004), the Court concludes that it lacks jurisdiction to hear this appeal.

Concrete next argues that the Court has discretion to grant an interlocutory appeal from the Bankruptcy Order. (Concrete Mem. 4 n.5.) "Under [28 U.S.C. §] 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court." *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). "Although [§] 158 and the Bankruptcy Rules describe the right to appeal from an interlocutory order and the procedure for doing so, neither provides guidelines for determining whether a district court should grant leave to appeal in a particular case." *In re Cutter*, No. CV-05-5527, 2006 WL 2482674, at *4 (E.D.N.Y. Aug. 29, 2006). However, "most district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)." *Id.* "Thus, in deciding whether to grant leave to appeal from an interlocutory bankruptcy court order, a district court should consider whether: (1) 'such order involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. Mar. 24, 2012) (quoting 28 U.S.C. § 1292(b)). "[A]ll three requirements . . . must be met." *Id.* In applying this standard, courts must be

conscious that "[§] 1292(b)'s legislative history reveals that although that law was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *see also In re Nattel, LLC*, No. 06-50421, 2010 WL 2977133, at *3 (D. Conn. July 22, 2010) ("Interlocutory appeals are generally disfavored.").

The Court declines to treat Concrete's filings as an interlocutory appeal because "th[e] Court does not regard the possibility of merely eliminating a hearing on damages and attorneys' fees as presenting one of those exceptional circumstances in which an interlocutory appeal would be appropriate." *In re Fugazy Express, Inc.*, 163 B.R. 434, 434–35 (S.D.N.Y. 1994). Moreover, with respect to the first prong, "the 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" *In re Worldcom, Inc.*, No. M-47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676–77 (7th Cir. 2000)). In this case, the question presented is not purely one of law. The bankruptcy court considered the conduct of the Parties in determining whether the dismissal of the Petition was on consent. The Court would thus have to examine the bankruptcy court's factual determinations as well. Accordingly, Concrete's request to treat this appeal as an interlocutory appeal is denied.

### III. Conclusion

For the foregoing reasons, the Court dismisses Concrete's appeal, without prejudice, for lack of jurisdiction. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

DATED:   March 22, 2017
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE